The opinion of the court was delivered by
Egan, J.
The defendant is sued upon a promissory note and mortgage given to the plaintiff, as stated in the public act of mortgage, for the “ amount of a loan in lawful current money of the United States, now made to her.” The necessary authorization of the judge to her, as a married woman, to make the loan and mortgage was procured and appears in evidence annexed to the copy of mortgage. The defense is that no loan was in fact made as stated in the mortgage or under the authorization, but that defendant was induced in error of fact and through the fraud and misrepresentation of her deceased husband, and of the plaintiff, Barth, to sign the note and mortgage without knowing what they contained till long afterward, during the last illness of her husband. That in fact they were without consideration as to her. That she received no money as stated in the mortgage, and that the real consideration for the note and mortgage was an antecedent debt of her husband to Barth, and that they were, therefore, given “ in fraudem legis,” and are null and void and without obligation upon the defendant. She offered to prove the facts set up in the answer on the trial by her own testimony and that of several other witnesses, all of which was objected to by the plaintiff’s counsel upon the ground that the statutory authorization of the judge had been obtained, whereby the act of mortgage had the same effect as if made by a “feme sole,” and made full proof against her, and that no parol evidence could be received to contradict or vary the act of mortgage, or of what might have been said before or at the time or since the signing of the act. The objections were sustained and defendant’s counsel excepted.
This presents the solo question necessary for our consideration in the case. It is conceded by both counsel that prior to the act of 1855, now embodied in the Bevised Statutes and Bevised Civil Code of 1870, the burden of proof to bind the wife would have been upon the plaintiff, and it is further conceded by defendant’s counsel that under that statute where the judge’s authorization has been obtained as required by the *941 statute, the burden of proof rests on the wife to show that she is not bound for some legal reason. We think this view of the law is correct In Conrad and Husband vs. LeBlanc, Sheriff, et al., 29 A. 123, we held that where the judge’s authorization was had authorizing the wife to execute a mortgage for a certain sum and purpose, and it was executed for a different sum and ■ for some other purpose, it did not come within the statute nor relieve the creditor from the burden of proof when the facts appeared on the face of the mortgage. In a more recent case of Claverie vs. Gerodias and Husband, 30 A. 291, where the authorization was obtained and the mortgage on its face executed in accordance with it, we held the wife not bound by the note and the mortgage upon proof of fraud and collusion, and that the purpose of the mortgage was really to secure a debt of the husband or of the community, and the mortgage note so given was null and void in the hands of the mortgagee. It will hardly be pretended that a “feme sole” would not be allowed to avoid the effect of a similar note and mortgage to those here sued on on the ground of error and fraud, or that she would not be allowed to make proof of the fraud “ by simple presumptions, by legal presumptions, as well as by other evidence,” to use the language of the law, C. 0. art. 1848, (formerly 1842). It would be indeed singular if a married woman, who by the terms, of the statute is placed upon the same footing as a feme sole, should not be allowed to make similar proof. The terms “ full proof” in the statute must be construed with reference to its objects and other provisions and language, and when the judge’s authorization has been obtained it does make that proof, so far as to place her as a feme sole and to hold her bound like any other person, but no more and ho farther. Fraud vitiates the most solemn contracts, and when directly attacked on that ground, parol or other evidence may be received to prove it, as has often been decided, otherwise there would be no relief. See 5 R. 354 ; 4 L. page 348 ; 2 A. 93 ; 5 A. 572 ; 16 L. 311, as to parol evidence to prove error. See, also, 10 A. 515; 13 A. 207, Montgomery vs. Chaney, to the effect that under a charge of fraud all the facts and surrounding circumstances attending the transaction may be proved by parol evidence. It may be that the defendant might be able to show that the note and mortgage sued on were not given in accordance with the judge’s authorization, and if so, we know of no law or principle to prevent it as against the mortgagee. The books are full of cases in which married women, prior to the statute of 1855, and since when it was not invoked, have been allowed to prove that obligations contracted by them in the most solemn form and with the fullest acknowledgment of separate benefit' from the debt or obligation, were in fact for the debts of the husband or of the community, and to be consequently discharged. It is not then the form of the evidence of the debt which controls the *942 matter of proof and the means of evidence. It is the disability of the party, the wife, under the law to enter into the contract “in fraudem legia.” The legal effect of the statute under consideration is to shift the burden of proof where it is complied with, and not the means or character of evidence. If, indeed, the debt for which the note and mortgage were given was that of the husband, it was “in fraudem legis,” and may be •shown by any competent evidence. If it was so, it is not protected by the statute, because not contracted in accordance with it. The fraud may have been perpetrated even after the authorization in the passage of the act itself for another and different purpose, as we have already seen was done in two cases cited. The defendant should have been permitted to prove the allegations of her answer. The evidence was improperly rejected. .
It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and reversed, and the case remanded to be proceeded with according to law and this opinion, and that plaintiff and appellee pay costs of appeal.